UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**　　　　　**CASE NO. 2:92-CR-20022-01**

**VERSUS**　　　　　**JUDGE ROBERT G. JAMES**

**CHARLES RENE ZENON (01)**　　　　　**MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "Joint Motion Agreeing to Eligibility for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act." [Doc. No. 458]. Pursuant to the motion, both Defendant Charles Zenon and the United States of America agree Zenon is eligible for a reduced term of imprisonment pursuant to the First Step Act. However, they disagree as to whether the Court should exercise its discretion and reduce Zenon's term of incarceration. Specifically, Zenon requests that the Court reduce his sentence of imprisonment to a total term of 360 months. *Id.* at 1. The government argues no reduction is appropriate, because Zenon's current sentence "rests at the bottom of his revised, recommended Guidelines range of imprisonment." *Id.* The parties agree Zenon's term of supervised release should be reduced to four years. *Id.*

### I.
#### BACKGROUND

On June 17, 1992, when Zenon was twenty-one years old, he was charged in a five count Indictment as follows:

Count I:　　Conspiracy to Possess with Intent to Distribute 70 grams of Cocaine Base. 21 U.S.C. §§ 846 & 841(b)(1)(A)

Count II:　　Possession with Intent to Distribute 41 Grams of Cocaine Base, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)

Count III: Possession of a Firearm during and in relation to a Drug Trafficking Crime, 18 U.S.C. §924(c)(l)

Count IV: Possession with Intent to Distribute 70 Grams of Cocaine Base, 21 U.S.C. §§ 84l(a)(l) & (b)(l)(A)

Count V: Possession of a Firearm during and in relation to a Drug Trafficking Crime, 18 U.S.C. §924(c)(l)

On February 26, 1993, a jury found Zenon guilty of all counts in the Indictment. A sentencing hearing was held on June 25, 1993. At that time, Zenon's statutory sentencing range was ten years to life on Counts I and IV; five to forty years on Count II; not less than five years on Count III (consecutive); and not less than twenty years on Count V (consecutive). Under the Sentencing Guidelines (which were mandatory at the time of Zenon's sentencing), Zenon's total offense level was 38 and his criminal history category was a level I, resulting in a guideline range of 235 to 293 months incarceration on Counts I, II and IV, 60 months consecutive on Count III, and 240 months consecutive on Count V. Zenon was sentenced at the bottom of the guideline range to a total term of imprisonment of 535 months (i.e., 44 years, 7 months), as follows: 235 months on Counts I, II and IV to run concurrently; 60 months on Count III to run consecutive to Counts I, II and IV; and 240 months on Count V, to run consecutively to Counts I, II, III and IV. Thereafter, in light of retroactive amendments to the Sentencing Guidelines, Zenon's sentence on Counts I, II and IV was reduced to 121 months, thereby reducing his total sentence of incarceration from 535 months to 421 months. Zenon has currently served approximately 321 months of incarceration.

## II.
### DISCUSSION

**A.    First Step Act**

Zenon seeks relief under Section 404 of the First Step Act of 2018. FIRST STEP ACT OF 2018, PL 115-391, 132 Stat. 5194 (enacted Dec. 21, 2018). Section 404 permits district courts to

reduce the sentence of certain defendants sentenced prior to August 3, 2010, "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."[1] *Id.* The parties agree Zenon meets all criteria for a reduction under Section 404 of the First Step Act. Specifically, Zenon's offense was committed before August 3, 2010, and the statutory penalties applicable to his cocaine base offenses were modified by Section 2 of the Fair Sentencing Act.

If the Court were to sentence Zenon as if Section 2 of the Fair Sentencing Act were in effect, Zenon's statutory sentencing range on Counts I, II and IV would be 5 to 40 years imprisonment. Zenon's statutory mandatory minimum sentences of five years on Count III and twenty years on Count V, with each running consecutively, remain unchanged.[2] The minimum term of supervised release would be four years.

**B.    Analysis**

Zenon requests that the Court reduce his sentence of imprisonment to a total term of 360 months as follows: 60 months on Counts I, II and IV to run concurrently; 60 months on Count III to run consecutively to Counts I, II and IV; and 240 months on Count V to run consecutively with the sentences on Counts I, II, III and IV. The government's sole argument as to an appropriate

---

[1] The Fair Sentencing Act of 2010 changed the statutory penalties applied to cocaine base offenses by increasing the quantity of cocaine base triggering mandatory minimum sentences. Section 2 of the Fair Sentencing Act increased the drug quantities triggering the mandatory minimum for crack offenses "from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 of the Fair Sentencing Act eliminated the five-year statutory mandatory minimum sentence for simple possession of cocaine base. *Id.*

[2] Under current law, Zenon's statutory mandatory minimum sentences on Counts III and V would be five years each, with each running consecutively. However, this revision (passed by the First Step Act) was not made retroactive.

sentence is that no reduction is warranted, because Zenon's "current sentence rests at the bottom of his revised, recommended Guidelines range of imprisonment."[3] [Doc. No. 458 at 4].

A review of the record in this matter shows Zenon is currently forty-eight years old. He was nineteen at the commencement of the offense conduct, and twenty-two at the time of the original sentencing. Zenon has now been incarcerated for more than twenty-six years. He has no prior criminal history, and no violence was involved in the offenses for which he was convicted.[4] Zenon has been a GED instructor in the Bureau of Prisons for over twenty years. He teaches reentry courses and is a Suicide Watch Companion for other inmates struggling with depression and feelings of self-harm. He has completed numerous college, vocational and other educational courses. Zenon plans to work with his family in their residential construction business upon release. Zenon's mother is suffering from cancer and he wishes to assist her through her illness. While Zenon has had some disciplinary incidents in the past few decades he has been incarcerated, only one – Assaulting Without Serious Injury – involves any violence. That incident occurred in 1995, and according to counsel, Zenon was defending himself from an inmate assault.[5]

---

[3] Under the current sentencing guidelines, Zenon's guideline range on Counts I, II and IV would be 121 to 151 months of incarceration. Because Zenon's sentence on the foregoing counts was previously reduced to 121 months (i.e., the bottom of the revised guideline range), the government contends no further reduction is warranted. However, this argument appears to be foreclosed by a recent decision from the Fifth Circuit. *See United States v. Hegwood*, 19-40117, 2019 WL 3729590, *4 (5th Cir. Aug. 8, 2019)

[4] As noted, Zenon was convicted of two counts of Possession of a Firearm during and in relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(l). The firearm involved in Count III was located in the trunk of a car in which Zenon had been a passenger. The firearm involved in Count V was located in a vehicle belonging to two of Zenon's co-conspirators, and there is no indication in the Presentence Report that Zenon was ever a passenger in that vehicle.

[5] The Court notes if Zenon were sentenced under these facts today, he would face a statutory mandatory minimum term of incarceration of ten years on Counts III and V, rather than the mandatory term of twenty-five years under prior law. While the new penalty provisions of section 924(c) were not made retroactive by the First Step Act, "the reduction in statutory penalties since [Zenon] was sentenced would seem to suggest the punishment imposed no longer fits the crime." *Kemper v. United States*, No. 5:92-CR-00013-FB (W.D. Tex. July 24, 2019), ECF No. 132 at 9.

Following a review of the original presentence investigation report, the addendum thereto prepared by the Office of Probation in connection with this motion, records from the Bureau of Prisons, and the briefs and attached exhibits submitted by counsel [Doc. Nos. 458, 459], the Court will exercise its discretion and reduce Zenon's sentence as follows: Zenon's total term of imprisonment will be reduced from 421 months to 360 months, and his term of supervised release will be reduced from five years to four years.[6] The Court finds the foregoing sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of this defendant.

### III.
### CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Joint Motion Agreeing to Eligibility for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [Doc. No. 97] is GRANTED, and the Court will issue an amended judgment reducing Defendant Charles Zenon's sentence to a total term of imprisonment of 360 months and reducing his term of supervised release to four years.

SIGNED this 9th day of August, 2019.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[6] Specifically, the Court will impose the following sentence: 60 months on Counts I, II and IV to run concurrently; 60 months on Count III to run consecutively to Counts I, II and IV; and 240 months on Count V to run consecutively with the sentences on Counts I, II, III and IV.